IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DENNIS JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. CIV-17-651-HE |
| | ) | |
| v. | ) | |
| | ) | |
| (1) FENTON NISSAN OF ARDMORE, INC., | ) | |
| (2) FENTON MOTORS GROUP, INC., | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Dennis Johnson brings this action against Defendants and would show the Court as follows:

NATURE OF CLAIMS

1.1 Plaintiff brings this action for declaratory judgment that Defendants have violated the provisions of the FLSA to recover unpaid minimum salary, as well as liquidated damages, attorney's fees, and costs and backpay, liquidated damages, attorney's fees, and costs for retaliatory termination under the FLSA after Plaintiff reported to Defendants violation of minimum salary in his compensation under the FLSA and requested unpaid minimum salary.

1

## JURISDICTION AND VENUE

2.1     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 2201.  This suit is authorized and instituted pursuant to § 16(b) of the FLSA [29 U.S.C. §216(b)].

2.2     The unlawful employment practices alleged below were committed within the State of Oklahoma.  Defendants maintain auto sale and service dealerships throughout the State of Oklahoma, including Ardmore and Oklahoma City.  Venue is therefore conferred upon the Court under 28 U.S.C. §1391.

2.3     At all times material to this action, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(b) and (i) and 29 U.S.C. § 207.

## PARTIES

3.1     Plaintiff is a resident of Carter County, State of Oklahoma.

3.2     At all times material to this action, Defendant FENTON NISSAN OF ARDMORE, INC. is a domestic corporation registered to do business in the State of Oklahoma and process may be served upon its registered agent:  John Robertson, 201 Robert S. Kerr, 1600 Bank of Oklahoma Plaza, Oklahoma City, OK  73102.

3.3     At all times material to this action, Defendant FENTON MOTORS GROUP, INC. is a domestic corporation registered to do business in the State of

Oklahoma and process may be served upon its registered agent: John Robertson, 201 Robert S. Kerr, 1600 Bank of Oklahoma Plaza, Oklahoma City, OK 73102.

3.4     Defendant FENTON MOTORS GROUP, INC. administered payroll for Plaintiff. Plaintiff worked at Defendant FENTON NISSAN OF ARDMORE, INC., one of many dealerships within Defendant FENTON MOTORS GROUP, INC. Plaintiff was issued an Employee Handbook applicable to employees at "Fenton Dealerships". Based upon information and belief, Defendant FENTON MOTORS GROUP, INC. directed and controlled the employment policies and practices of Defendant FENTON MOTOR GROUP OF ARDMORE, INC. as well as other Fenton auto sales and service dealerships within Oklahoma, including Oklahoma City and Ardmore. Defendants, collectively, are an integrated enterprise or "joint" employers or the "single" employers of Plaintiff.

BACKGROUND

4.1     At all relevant times, Defendants owned and/or operated an auto sales and service dealership in Ardmore, Oklahoma, Oklahoma City as well as other cities.

4.2     Defendants hired Plaintiff on or about July 2013 for the position of Service Advisor at Defendant Nissan of Ardmore, Inc. in Ardmore, OK.

4.3     Plaintiff was one of two Service Advisor's at this dealership.

**FLSA Minimum Salary Underpayment**

4.4　Defendants compensated Plaintiff by salary during his entire employment. Throughout his employment, Defendants classified Plaintiff as salaried exempt under the FLSA.

4.5　From the beginning of his employment through on or about September 18, 2015, Defendants compensated Plaintiff at the salary of $433.33 weekly.

4.6　Under the FLSA and interpretative regulations concerning salaried exempt employees, Defendants must have compensated Plaintiff at a minimum of $455.00 weekly during his employment.

4.7　Throughout Plaintiff's employment, Defendants failed to provide to Plaintiff the required minimum salary under the FLSA.

**Reporting of FLSA Underpayment**

4.8　On or about September 18, 2015, Plaintiff discovered that Defendants were compensating him less than the required minimum salary under the FLSA.

4.9　Plaintiff notified his supervisor, Wes Miller, Service Manager, that his salary was less than that required under the FLSA. Mr. Miller represented that he would look into the matter.

4.10    The next day, Plaintiff received a document from Human Resources reflecting a raise of his salary to the minimum salary level under the FLSA.  The document did not provide or promise backpay for underpayment of the minimum salary accrued during his employment as required by the FLSA.

4.11    Like Plaintiff, Defendants had also been paying the other service adviser a salary less than the required minimum under the FLSA.  The other service adviser requested from the General Manager the shortage.  The General Manager requested a written demand for the shortage.

4.12    Plaintiff then drafted a written demand requesting the salary shortage accrued during employment.  On or about Monday, September 21, 2015 Plaintiff and the other service adviser each delivered copies of Plaintiff's demand to Mr. Miller. He returned a few minutes later and asked Plaintiff how much does he believe is owed from Defendants.

**Conditions to Employment and Termination**

4.13    Later that same morning, Mr. Miller met with Plaintiff and conditioned his employment upon not pursuing his backpay. Plaintiff would not withdraw his request for unpaid minimum salary and was terminated at the meeting.

## COUNT I: MINIMUM SALARY DEFICIENCY UNDER FLSA

5.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.13 of the Original Complaint.

5.2     At all times material to this action, Defendants were an employer of Plaintiff and Plaintiff was employed by the Defendants within the meaning of §§ 203(e) and (g) of the FLSA [29 USCS § 203(e) and (g)].

5.3     At all times material to this action, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1)(A)(I) and (ii) of the FLSA.

5.4     By failing to compensate Plaintiff at the minimum weekly salary of $455 per workweek, Defendants have violated the FLSA [29 CFR § 541.600(a)], which requires a salary rate of at least $455 per week to qualify as an exempt employee under Section 13(a)(1) of the FLSA.

5.5     Defendants' violation of the were/are willful within the meaning of 29 U.S.C. § 263 and 29 U.S.C. § 255.

5.6     Defendants, notwithstanding Plaintiff's demand, have failed and refused, and continue to fail and refuse, to pay the Plaintiff the amounts due to him in violation of the FLSA minimum salary requirement.

5.7     That as a result of Defendants' failure and refusal to pay the amounts due to Plaintiff, Plaintiff was forced to bring this action, and to engage the services of the undersigned attorneys and to incur the expenses of the litigation.

### COUNT II:   Retaliation under the FLSA

6.1     Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 5.7 of this Original Complaint.

6.2     By Plaintiff complaining to Defendants about Defendants' failure to compensate him the minimum salary under the FLSA and requesting backpay for the shortage to his salary during his employment, Plaintiff was therefore engaged in activity protected under Section 215(3) of the FLSA.

6.3     Plaintiff's report and/or complaint were a motivating factor in the discharge of his employment.  Defendants willfully, knowingly and intentionally discriminated against Plaintiff in his termination.

6.4     By engaging in the aforementioned conduct, Defendants violated Section 215(3) of the FLSA, which makes it an unlawful employment practice for an employer to discriminate or discharge a person for complaining or reporting an FLSA violation and requesting the shortage to required minimum salary under the FLSA.

6.5     Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 263 and 29 U.S.C. § 255.

6.6     The undersigned attorneys have been retained by Plaintiff to pursue this remedy for such violations of the FLSA.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court:

1.      Grant Plaintiff a declaratory judgment declaring the actions of Defendants complained of herein to be in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

2.      Enter a money judgment awarding Plaintiff damages in an amount equivalent to his damages for underpayment of the minimum salary requirement under the FLSA, said amount to be proven by Plaintiff at trial;

3.      Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in the FLSA, said amount also to be proven by Plaintiff at trial;

4.      A judgment against Defendants awarding Plaintiff an amount equal to the lost wages and employment benefits had he not been terminated by Defendants in violation of the FLSA;

5.      Award Plaintiff damages for mental and emotional distress;

6.      Award Plaintiff the costs of this action, together with a reasonable attorney's fee, including as provided in 29 U.S.C. § 216(b); and

7.      Award Plaintiff such other relief as may be just and proper, including interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132

COUNSEL FOR PLAINTIFF

DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims.

s/Jeff Taylor
Jeff A. Taylor